## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEAN DICKIE,

       Plaintiff,

v.

SITA INFORMATION NETWORKING
COMPUTING USA, INC.,

       Defendant.

CIVIL ACTION FILE NO:

## COMPLAINT

Plaintiff, Dean Dickie, by and through counsel, hereby files this Complaint

against SITA Information Networking Computing USA, Inc. (hereafter "SITA")

and alleges as follows:

### INTRODUCTION

1.

This is an action to recover for violation of Plaintiff Dickie's rights under the

Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. and for

violation of Plaintiff's rights under Title I of the Americans with Disabilities Act of

1990, as amended by the ADA Amendments Act of 2008.  Plaintiff sues on

account of the fact that, despite his strong performance as a Senior Project

Manager for Defendant SITA, the company terminated him following his use of

FMLA leave and because he was regarded as a person with a physical impairment,

or, alternatively, because of the fact that his impairment actually and substantially

limited him in one or more major life activities.    Plaintiff is seeking back pay,

compensatory and punitive damages, liquidated damages and attorneys' fees to

remedy these violations of federal law.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 *et

seq.* (the "ADAAA"), 29 U.S.C. § 2601 *et seq.*  (the "FMLA"), 28 U.S.C. §§ 1331

and 1343(a)(4), and 28 U.S.C. §§ 2201 and 2202.

### 3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful

employment practices and the violations of Plaintiff's rights alleged below were

committed in this judicial district.

## PARTIES

### 4.

Plaintiff, Dean Dickie, is a legal resident and citizen of the United States and

of the State of Georgia.  Plaintiff  was formerly a Senior Project Manager for SITA

and is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that he had been employed with SITA for more than 12 months and worked more than 1250 hours in the 12 months preceding his FMLA leave.

5.

Plaintiff is and, at all times relevant hereto, was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

6.

Plaintiff is a person with a disability inasmuch as he actually has a physical impairment causing substantial limitation in one or more major life activities and because he was regarded as having such an impairment.

7.

Defendant SITA is a Georgia corporation with its principal place of business located at 3100 Cumberland Boulevard, Atlanta, Georgia 30339.  It may be served by delivering process to its registered agent, Corporation Process Company, 2180 Satellite Boulevard, suite 400, Duluth, Georgia 30097.

8.

Defendant is an "employer" within the meaning of 29 U.S.C. § 2601 *et seq*. and has had more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or

preceding year within the meaning of  29 U.S.C. § 2601 *et seq.*

9.

Defendant is an "employer" within the meaning of  the ADAAA, 42 U.S.C. § 12101 *et seq.*, because it has engaged in commerce or in an industry affecting commerce within the meaning of the ADAAA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PROCEEDINGS

10.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he now complains.

11.

On or about December 9, 2011, Plaintiff received a Notice of Right to Sue from the EEOC relating to his charge of discrimination, charge number 410-2011-03597. This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said Notice.

## STATEMENT OF FACTS

12.

Defendant SITA is a leading specialist in air transport communications and IT solutions. In general, it delivers and manages business solutions and information and communications technology for airline, airport, government and other customers over an extensive communications network for the global air transport industry. Almost every airline and airport in the world does business with SITA.

13.

Plaintiff worked for Defendant SITA as a Senior Project Manager in its United States headquarters located in Atlanta, Gwinnett County, Georgia.

14.

Plaintiff's job duties consisted of project review, planning, monitoring, management and delivery. Plaintiff also represented SITA with regard to the projects he was involved in both externally and internally by communicating and reporting on a project's status to various stakeholders.

15.

Plaintiff's management duties included, among other things, the management and coordination of project teams, budgets and third-party suppliers.

16.

For approximately ten years, Plaintiff received excellent performance evaluations.

17.

In approximately February, 2010, Plaintiff was rated as "very good" and praised for his ability to drive multiple projects, get the job done and for saving the company 18 million dollars over the upcoming ten years.

18.

Plaintiff's manager had this to say about him in his 2010 review:

Once again Dean has demonstrated his flexibility to multi-task and drive multiple projects/programmes for the ASL and Corporate. His focus on details, financial acumen and on-time delivery is appreciated and helped keep the projects on time.

What I appreciate most about Dean is he just gets the job done.

19.

Unfortunately, beginning in 2010, a health impairment with which Plaintiff had been struggling for years became exceedingly worse, requiring that he regularly be out of the office for doctor visits and use medications that made it difficult to work.

20.

Specifically, Plaintiff suffered from chronic, debilitating migraines as well as neck pain associated with cervical spondylosis and degenerative disc disease.

21.

Symptoms included intense head pain, vertigo, mental confusion and inability to concentrate, depression, visual disturbances, mood changes, sleep disturbances and fatigue.

22.

Plaintiff's condition had required regular doctors' visits for treatment over many years but, in 2010, became at least a once per month necessity.

23.

Plaintiff's condition caused episodes of total incapacity and, if left untreated, could cause absences or inability to work for several days.

24.

In the summer of 2010, during a time Plaintiff was being treated for his health conditions, he was assigned a new supervisor, Susan Pezely.

25.

Plaintiff discussed his medical condition with Ms. Pezely on a number of occasions.

26.

In June 2010, Ms. Pezely gave Plaintiff a mid-year review expressing dissatisfaction with his absences from the office.

27.

In or around October 2010, Plaintiff's condition was becoming worse so he told Ms. Pezely that he would likely need to take medical leave and was looking into the Mayo Clinic.

28.

Ms. Pezely appeared highly irritated at the prospect of his extended absence from the office.

29.

In January 2011, Plaintiff's condition became so debilitating that he was required to take FMLA leave for twelve weeks.

30.

Three days after Plaintiff's return from leave, he was fired by Ms. Pezely.

31.

When Plaintiff asked the reasons for his termination, Ms. Pezely referenced the June review, a single day in the fall that she could not locate him in the office and a complaint about where he had been parking his car.

32.

Plaintiff had not been warned that the location of where he parked his car was such a serious problem nor that it was an offense that might subject him to termination.

33.

Defendant has a progressive discipline policy that was not followed in his case.

34.

Ms. Pezely's primary complaint about Plaintiff had been his absence from the office, which was necessitated by his health condition.

35.

On information and belief, Plaintiff was replaced by a person without any serious health conditions and/or physical or mental impairments.

36.

The termination of the Plaintiff for the offenses alleged was done in bad faith and as a pretext for violating his rights under the FMLA and ADAAA.

37.

Ms. Pezely and Defendant did not want to hold Plaintiff's job for him as required by the FMLA and did not want him employed on account of his disability

and/or their perceptions of him as being disabled as defined under the ADAAA.

38.

The effect of Defendant's above-stated actions has been to deprive Plaintiff of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which he would have been entitled but for Defendant's illegal actions.

39.

The effect of Defendant's above-stated actions has also caused Plaintiff to suffer out-of-pocket losses and mental and emotional distress for which he seeks redress.

## COUNT ONE
### RETALIATION IN VIOLATION OF THE FMLA

40.

The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

41.

As set out above, Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. § 825.114.

42.

By terminating Plaintiff for pretextual reasons, Defendant retaliated against him for exercising his rights under the FMLA.

43.

Defendant's actions in terminating Plaintiff following his use of FMLA leave were committed with reckless disregard for his right to be free from discriminatory treatment for exercising rights guaranteed under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

44.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him solely because of his exercise of his rights under the FMLA.

45.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

46.

Plaintiff is also entitled to liquidated damages for the violation of his rights

under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**COUNT TWO**
**VIOLATION OF ADAAA – REGARDED AS DISABLED**

47.

The Plaintiff incorporates by reference all of the preceding paragraphs of the

Complaint.

48.

At all times relevant hereto, Defendant SITA has been subject to the

requirements of Title I of the Americans with Disabilities Act as amended by the

ADAAA.

49.

At all times relevant hereto, Plaintiff was an individual with a disability as

defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(C)

inasmuch as he was regarded as a person with an impairment as defined by the

Act.

50.

Moreover, at all times relevant hereto, Plaintiff has been a qualified

individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and

able to perform the essential functions of his job.  To be sure, Plaintiff had worked for SITA for approximately ten years with positive performance reviews.

51.

Defendant was aware of Plaintiff's impairment through Ms. Pezely because Plaintiff had specifically discussed it with her.

52.

Despite his qualifications and strong past performance, Plaintiff was intentionally fired because of his impairment and, on information and belief, replaced by someone without any physical or mental impairments.

53.

Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

54.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

55.

In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

56.

Moreover, Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

**COUNT THREE**
**VIOLATION OF ADAAA – ACTUAL DISABILITY**

57.

The Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

58.

At all times relevant hereto, Defendant SITA has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

59.

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(A).

60.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of his job inasmuch as Plaintiff had worked for SITA for approximately ten years with positive performance reviews.

61.

Defendant was aware of Plaintiff's disability through Ms. Pezely because Plaintiff had specifically discussed it with her.

62.

Despite his qualifications and strong past performance, Plaintiff was intentionally fired because of his disability and, on information and belief, replaced by someone without any physical or mental impairments.

63.

Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

64.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

65.

In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

66.

Moreover, Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

## **RELIEF**

Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a)     judgment in favor of Plaintiff and against Defendant under Counts One, Two and Three for its unlawful employment practices in violation of the FMLA and the ADAAA;

- 16 -

(b)     an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the FMLA and ADAAA;

(c)     damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d)     compensatory damages for Plaintiff's mental and emotional distress incurred as a result of Defendant's unlawful actions alleged under Counts Two and Three;

(e)     liquidated damages pursuant to 29 U.S.C. § 2617 for violations alleged under Count One;

(f)     reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

(g)     punitive damages for Defendant's willful and intentional violations of the ADAAA as provided by 42 U.S.C. § 12117(a)(as amended) and alleged in Counts Two and Three;

(h)     reasonable attorneys' fees and costs; and

(i)     other and further relief as the Court deems just and proper.

- 17 -

Respectfully submitted,

JF BEASLEY, LLC

By:   /s/ John F. Beasley, Jr.
      John F. Beasley, Jr.
      Georgia Bar No. 045010
      jfbeasley@jfbeasleylaw.com

31 North Main Street
P.O. Box 309
Watkinsville, GA 30677
Telephone:   706-769-4410
Facsimile:    706-769-4471

Counsel for Plaintiff