## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DEAN DICKIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action File No.** |
| | ) | |
| **SITA INFORMATION** | ) | **1:12-CV-00445-TWT** |
| **NETWORKING COMPUTING USA,** | ) | |
| **INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## SITA INFORMATION NETWORKING COMPUTING USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DEAN DICKIE'S COMPLAINT

COMES NOW SITA Information Networking Computing USA, Inc. (hereinafter "SITA"), by and through its attorneys, and responds to Plaintiff Dean Dickie's (hereinafter "Plaintiff" or "Dickie") Complaint as follows:

## AFFIRMATIVE AND ADDITIONAL DEFENSES

SITA sets forth below the following affirmative and additional defenses but expressly does not assume the burden of proof with respect to any such defense that it is not otherwise required to bear under applicable law or rule.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against SITA upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel and unclean hands.

## THIRD DEFENSE

To the extent that Plaintiff relies on any acts or events occurring outside the applicable statute of limitations, such claims are barred.

## FOURTH DEFENSE

To the extent Plaintiff attempts to state claims under the Americans with Disabilities Act, as amended ("ADA"), which were not included in Plaintiff's Charge of Discrimination ("Charge") filed with the U.S. Equal Employment Opportunity Commission ("EEOC") or investigated by the EEOC, each and every such claim is barred because of the failure to satisfy the statutory prerequisites or because of a lack of subject matter jurisdiction.

## FIFTH DEFENSE

To the extent that Plaintiff has otherwise failed to timely exhaust his administrative remedies, his claims for relief are barred.

## SIXTH DEFENSE

To the extent any employee, manager, supervisor, director or officer of SITA engaged in any unlawful conduct as described in the Complaint, such actions were outside the scope and course of his or her employment and were not in furtherance of SITA's business.

## SEVENTH DEFENSE

Plaintiff's claims are barred because SITA has acted lawfully and in good faith at all times relevant hereto, and has not intentionally or negligently violated any statutory or legal right of Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred because SITA has committed no act or omission with the intent to cause harm, injury or other damage to Plaintiff.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff did not have a "disability" within the meaning of the ADA, 42 U.S.C. § 12102(2).

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff is not, and at all times material to the allegations in the Complaint was not, a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. § 12111(8).

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff is not substantially limited in one or more major life activities.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff is not substantially limited in the ability to work in a class or broad range of jobs or occupations.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because SITA's treatment of Plaintiff was at all times based on factors other than Plaintiff's alleged disability.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff could not perform the essential functions of his job with or without reasonable accommodation, and was, therefore, not protected under the ADA.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because Plaintiff was not regarded as disabled within the meaning of the ADA, 42 U.S.C. § 12102(3).

## SIXTEENTH DEFENSE

Any policy, standard, test or other criterion applied to Plaintiff and his employment was job-related and consistent with business necessity.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to the compensatory, punitive or liquidated damages that he has requested in the Complaint to the extent that the facts alleged in support of those claims fail to satisfy the applicable standards.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate his alleged damages.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## TWENTIETH DEFENSE

Plaintiff is not entitled to punitive damages because SITA made good faith efforts to comply with all applicable anti-discrimination laws.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to punitive damages because neither SITA nor any of its officers, directors, or managing agents engaged in any conduct willfully or with malice or reckless disregard for Plaintiff's protected rights and because SITA did not authorize or ratify such acts.

## TWENTY-SECOND DEFENSE

All employment actions taken with respect to Plaintiff were for legitimate, non-discriminatory and non-retaliatory reasons.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent that any damages that Plaintiff suffered were the direct and proximate result of his own actions or inactions, including, but not limited to, assumption of the relevant risks.

## TWENTY-FOURTH DEFENSE

Plaintiff was discharged for reasons wholly unrelated to his FMLA leave and, thus, there is no causal nexus between his discharge and his FMLA leave or any alleged medical condition.

## TWENTY-FIFTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff was not an "eligible employee" within the meaning of the Family and Medical Leave Act ("FMLA") at the time relevant to this action and was not otherwise qualified for protection under the FMLA.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because SITA would have taken the same action with respect to Plaintiff regardless of any alleged medical condition allegedly

protected by the FMLA or ADA.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that he did not have a "serious health condition" within the meaning of the FMLA.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff had exhausted any available FMLA leave entitlement at the time of the complained of employment actions.

## TWENTY-NINTH DEFENSE

SITA at all times acted in good faith and had reasonable grounds for believing that its conduct was not in violation of the FMLA. Therefore, liquidated damages are not available.

## THIRTIETH DEFENSE

Any employment action taken by SITA with regard to Plaintiff or his employment was for legitimate, non-discriminatory and non-retaliatory reasons and, as such, did not violate any legal right possessed by Plaintiff; however, even if any unlawful criteria did play a motivating part in any employment action at issue, which it did not, SITA would have taken the same actions for legitimate, non-discriminatory and non-retaliatory reasons.

## **THIRTY-FIRST DEFENSE**

SITA reserves the right to amend or assert additional defenses as facts are developed in the course of additional investigation and discovery.

## **RESPONSE TO ENUMERATED ALLEGATIONS**

Without waiving the defenses set forth herein, but insisting and relying upon each of them, and answering that all allegations in the Complaint are specifically denied unless otherwise admitted, SITA responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## **INTRODUCTION**

1.

SITA admits only that Plaintiff purports to bring an action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* and Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").  SITA denies the remaining allegations contained in paragraph 1 of the Complaint, and further denies that Plaintiff is entitled to the relief sought in his Complaint or to any relief whatsoever.

## JURISDICTION AND VENUE

### 2.

SITA admits only that Plaintiff purports to place jurisdiction within this Court.  SITA denies the remaining allegations contained in paragraph 2 of the Complaint.

### 3.

SITA admits only that Plaintiff purports to place venue within this Court. SITA denies the remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

### 4.

SITA admits only that Plaintiff was formerly employed, at certain times, by SITA as a Senior Project Manager.  SITA is without sufficient knowledge to admit or deny the allegations contained in the first sentence of paragraph 4 of the Complaint and, therefore, denies the same.  SITA denies the remaining allegations contained in paragraph 4 of the Complaint because they call for a legal conclusion.

### 5.

SITA denies the allegations contained in paragraph 5 of the Complaint.

### 6.

SITA denies the allegations contained in paragraph 6 of the Complaint.

9

7.

SITA admits the allegations contained in paragraph 7 of the Complaint.

8.

SITA admits that it is an employer.  SITA denies the remaining allegations contained in paragraph 8 of the Complaint.

9.

SITA admits that it is an employer.  SITA denies the remaining allegations contained in paragraph 9 of the Complaint.

## ADMINISTRATIVE PROCEEDINGS

10.

SITA admits only that Plaintiff filed a Charge of Discrimination ("Charge") with the EEOC and that the Charge is dated May 13, 2011.  SITA denies the remaining allegations contained in paragraph 10 of the Complaint.

11.

SITA admits only that the EEOC issued a Notice of Right to Sue dated December 8, 2011, with respect to Charge No. 410-2011-03597, and that Plaintiff filed this action on February 10, 2012.  SITA is without sufficient knowledge to admit or deny Plaintiff's allegation that he received a Notice of Right to Sue "[o]n or about December 9, 2011" and, therefore, denies this allegation.  SITA denies all remaining allegations contained in paragraph 11 of the Complaint.

## STATEMENT OF FACTS

12.

SITA admits the allegations contained in paragraph 12 of the Complaint.

13.

SITA admits only that Plaintiff worked, at certain times, as a Senior Project Manager at SITA located in Atlanta, Georgia.   SITA denies the remaining allegations contained in paragraph 13 of the Complaint.

14.

SITA admits that some, but not all, of Plaintiff's job duties as a Senior Project Manager for SITA, included project review, planning, monitoring, management and delivery, and also admits that Plaintiff was responsible for communicating and reporting on project status to various stakeholders.   SITA denies the remaining allegations contained in paragraph 14 of the Complaint.

15.

SITA admits the allegations contained in paragraph 15 of the Complaint.

16.

SITA denies the allegations contained in paragraph 16 of the Complaint.

17.

SITA denies the allegations contained in paragraph 17 of the Complaint.

18.

SITA denies the allegations contained in paragraph 18 of the Complaint.

19.

SITA denies the allegations contained in paragraph 19 of the Complaint.

20.

SITA denies the allegations contained in paragraph 20 of the Complaint.

21.

SITA denies the allegations contained in paragraph 21 of the Complaint.

22.

SITA denies the allegations contained in paragraph 22 of the Complaint.

23.

SITA denies the allegations contained in paragraph 23 of the Complaint.

24.

SITA denies the allegations contained in paragraph 24 of the Complaint.

25.

SITA denies the allegations contained in paragraph 25 of the Complaint.

26.

SITA admits only that in August of 2010, Plaintiff received a mid-year performance review during which he was admonished because he disappeared from the office without informing his supervisor, failed to show up for work, failed

12

to keep his supervisor informed as to the progress of his projects and refused to do work alleging falsely that he was working for other departments or supervisors, among other things.  SITA denies the remaining allegations contained in paragraph 26 of the Complaint.

27.

SITA admits that in the fall of 2010, Plaintiff mentioned to Sue Pezely that he planned to take "FMLA leave" at some point.  SITA denies the remaining allegations contained in paragraph 27 of the Complaint.

28.

SITA denies the allegations contained in paragraph 28 of the Complaint.

29.

SITA admits only that Plaintiff took requested leave from work for a period of approximately twelve (12) weeks beginning on or about January 22, 2011. SITA denies the remaining allegations contained in paragraph 29 of the Complaint.

30.

SITA admits that Plaintiff's employment was terminated on April 21, 2011. SITA denies the remaining allegations contained in paragraph 30 of the Complaint.

31.

SITA admits that Ms. Pezely discussed Plaintiff's continued poor performance which was previously discussed with him in his August review and

13

other meetings, Plaintiff's disappearances from the office, his refusal to park in the employee parking lot, and failure to otherwise comply with SITA's policies.  SITA denies the remaining allegations in paragraph 31 of the Complaint.

32.

SITA denies the allegations contained in paragraph 32 of the Complaint.

33.

SITA denies the allegations contained in paragraph 33 of the Complaint.

34.

SITA denies the allegations contained in paragraph 34 of the Complaint.

35.

SITA denies the allegations contained in paragraph 35 of the Complaint.

36.

SITA denies the allegations contained in paragraph 36 of the Complaint.

37.

SITA denies the allegations contained in paragraph 37 of the Complaint.

38.

SITA denies the allegations contained in paragraph 38 of the Complaint.

39.

SITA denies the allegations contained in paragraph 39 of the Complaint.

## COUNT I
## <u>RETALIATION IN VIOLATION OF THE FMLA</u>

40.

SITA reasserts and incorporates by reference its responses to paragraphs 1 through 39 above as if fully set forth herein, and denies any and all remaining allegations contained in paragraph 40 of the Complaint.

41.

SITA denies the allegations contained in paragraph 41 of the Complaint.

42.

SITA denies the allegations contained in paragraph 42 of the Complaint.

43.

SITA denies the allegations contained in paragraph 43 of the Complaint.

44.

SITA denies the allegations contained in paragraph 44 of the Complaint.

45.

SITA denies the allegations contained in paragraph 45 of the Complaint.

46.

SITA denies the allegations contained in paragraph 46 of the Complaint.

## COUNT TWO
## <u>VIOLATION OF ADAAA – REGARDED AS DISABLED</u>

### 47.

SITA reasserts and incorporates by reference its responses to paragraphs 1 through 46 above as if fully set forth herein, and denies any and all remaining allegations contained in paragraph 47 of the Complaint.

### 48.

SITA admits only that it complies with the ADA when applicable. SITA denies the remaining allegations in paragraph 48 of the Complaint.

### 49.

SITA denies the allegations contained in paragraph 49 of the Complaint.

### 50.

SITA denies the allegations contained in paragraph 50 of the Complaint.

### 51.

SITA denies the allegations contained in paragraph 51 of the Complaint.

### 52.

SITA denies the allegations contained in paragraph 52 of the Complaint.

### 53.

SITA denies the allegations contained in paragraph 53 of the Complaint.

### 54.

SITA denies the allegations contained in paragraph 54 of the Complaint.

16

55.

SITA denies the allegations contained in paragraph 55 of the Complaint.

56.

SITA denies the allegations contained in paragraph 56 of the Complaint.

## COUNT THREE
## <u>VIOLATION OF ADAAA – ACTUAL DISABILITY</u>

57.

SITA reasserts and incorporates by reference its responses to paragraphs 1 through 56 above as if fully set forth herein, and denies any and all remaining allegations contained in paragraph 57 of the Complaint.

58.

SITA admits only that it complies with the ADA when applicable. SITA denies the remaining allegations in paragraph 58 of the Complaint.

59.

SITA denies the allegations contained in paragraph 59 of the Complaint.

60.

SITA denies the allegations contained in paragraph 60 of the Complaint.

61.

SITA denies the allegations contained in paragraph 61 of the Complaint.

62.

SITA denies the allegations contained in paragraph 62 of the Complaint.

63.

SITA denies the allegations contained in paragraph 63 of the Complaint.

64.

SITA denies the allegations contained in paragraph 64 of the Complaint.

65.

SITA denies the allegations contained in paragraph 65 of the Complaint.

66.

SITA denies the allegations contained in paragraph 66 of the Complaint.

## **PRAYER FOR RELIEF**

SITA denies the allegations contained in Plaintiff's section of the Complaint entitled "RELIEF" including subparagraphs (a) through (i) on pages 16 and 17 of the Complaint, and further denies that Plaintiff is entitled to the relief sought in the Complaint or any relief whatsoever.

WHEREFORE, having fully answered Plaintiff's Complaint, SITA respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in favor of SITA, tax all costs against Plaintiff, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 13th day of April, 2012.

CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY

*/s/ Annette A. Idalski*
Annette A. Idalski, Esq.
Georgia Bar No. 005559
Erin P. Harris, Esq.
Georgia Bar No. 142415
191 Peachtree Street, N.E., 34th Floor
Atlanta, GA  30303
Telephone:  (404) 658-5386
Facsimile:  (404) 659-1852
annette.idalski@chamberlainlaw.com
erin.harris@chamberlainlaw.com

*Counsel for Defendant SITA Information
Networking Computing USA, Inc.*

19

## <u>CERTIFICATION OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this filing complies with the type-volume requirements set forth in Local Rule 5.1. This document has been prepared in Times New Roman, 14 point font.

This 13th day of April, 2012.

CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY

*/s/ Annette A. Idalski*
Annette A. Idalski, Esq.
Georgia Bar No. 005559
Erin P. Harris, Esq.
Georgia Bar No. 142415
191 Peachtree Street, N.E., 34th Floor
Atlanta, GA  30303
Telephone:  (404) 658-5386
Facsimile:  (404) 659-1852
annette.idalski@chamberlainlaw.com
erin.harris@chamberlainlaw.com

*Counsel for Defendant SITA Information
Networking Computing USA, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DEAN DICKIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | |
| SITA INFORMATION | ) | 1:12-CV-00445-TWT |
| NETWORKING COMPUTING USA, | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on April 13, 2012, I electronically filed the foregoing **SITA INFORMATION NETWORKING COMPUTING USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF DEAN DICKIE'S COMPLAINT** through the Court's CM/ECF system which will send a notice of electronic filing to counsel of records, as follows:

John F. Beasley, Jr., Esq.
JF Beasley, LLC
31 North Main Street
P.O. Box 309
Watkinsville, Georgia 30677

CHAMBERLAIN, HRDLICKA,
WHITE, WILLIAMS & AUGHTRY

*/s/ Annette A. Idalski*
Annette A. Idalski, Esq.
Georgia Bar No. 005559